IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEANNA L. PUSKAS,**

    **Plaintiff,**

                                  Civil Action 2:19-cv-2385
                                  Judge Sarah D. Morrison
    v.                               Chief Magistrate Judge Elizabeth P. Deavers

**DELAWARE COUNTY,** *et al.***,**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 34) (the "Motion to Amend"),[1] Defendants' Opposition (ECF No. 39), and Plaintiff's Reply (ECF No. 44).  For the reasons that follow, Plaintiff's Motion is **GRANTED**.

**I.**

Plaintiff filed this action on June 6, 2019.  (ECF No. 1.)  On August 5, 2019, Defendants filed an Answer to Plaintiff's Complaint.  (ECF No. 10.)  The Court entered a Preliminary Pretrial Order on September 10, 2019, setting forth a case schedule that included a discovery deadline of June 14, 2020, and a deadline of October 30, 2019 for the parties to amend the

---

[1] Two days after filing this Motion, Plaintiff re-filed the Motion, but without the Memorandum in Support or proposed Amended Complaint.  (ECF No. 36.)  The Clerk is **DIRECTED** to terminate this Motion.  Accordingly, the Court is only considering Plaintiff's first filing, ECF No. 34.

pleadings or join additional parties.  (ECF No. 12.)² On March 30, 2020, the parties filed a Joint Motion to Extend Deadlines, seeking to extend various case deadlines.  (ECF No. 19.)  The Court granted the extension on March 31, 2020, in part extending the discovery deadline to October 14, 2020.  (ECF No. 20.)

On August 28, 2020, after the parties continued to engage in the discovery process, Plaintiff filed the subject Motion, seeking to add more detailed allegations and name an additional Defendant, Deputy Lieutenant Robert Buttler, focusing on Delaware County's purported unconstitutional canine policies and failure to train and supervise its canine officers.  (ECF No. 34.)  Plaintiff does not seek to add any new causes of action.  According to Plaintiff, "[i]t was only upon the deposition of the K-9 handler on August 26, 2020 that a more complete understanding the dog's training was understood by counsel for plaintiff," including that Lt. Buttler was the direct supervisor of the K-9 units, necessitating the proposed amendments.  (*Id*. at PAGEID # 93.)  Defendants opposed Plaintiff's Motion on several grounds, arguing that the proposed claims would be time-barred and/or futile, that Plaintiff's Motion to Amend is untimely, and that permitting Plaintiff to amend would cause significant undue prejudice to the Defendants.  (ECF No. 39.)

## II.

Two federal rules govern Plaintiff's Motion.  First, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule

---

² The Preliminary Pretrial Order lists October 30, 2020 as the deadline for the parties to amend the pleadings or join additional parties, but this appears to have been scrivener's error by the Court, as the Parties had agreed to October 30, 2019 as the deadline in the Rule 26(f) Report. (ECF No. 11 at PAGEID # 33.)

15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted).  As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008).  A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss.  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).  In addition, when considering the issue of prejudice, a court must ask whether allowing amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute.  *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

But because Plaintiff moved to amend after the Court's amendment deadline, she first "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)).  "Another important consideration . . . is whether the opposing party will

suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

## III.

Here, Defendants oppose Plaintiff's proposed amendments for several reasons.  First, Defendants argue that Plaintiff's claims are barred because Plaintiff failed to amend her Complaint to include Lt. Buttler before the applicable two-year statute of limitations expired on June 6, 2020.  (ECF No. 39 at PAGEID ## 125-127.)  Further, Defendants argue that even if the claims against Lt. Buttler are not time-barred, they are futile because Lt. Buttler's supervisory role does not subject him to individual liability, and Plaintiff's proposed Amended Complaint does not include allegations that would subject Lt. Buttler to individual liability.  (*Id.* at PAGEID ## 127-129.)  Defendants also contend that Plaintiff's Motion is untimely and fails to establish good cause, generally arguing that Plaintiff was not diligent during the discovery process.  (*Id.* at PAGEID ## 129-132.)  Finally, Defendants argue that permitting the amendment "would impose undue prejudice on Defendants and cause unwarranted delay in the proceedings." (*Id.* at 132-135.)

Because Plaintiff's Motion was filed after the Court's deadline for the parties to amend the pleadings or join additional parties, the Court must first determine whether Plaintiff has demonstrated good cause under Rule 16(b).  *Loew v. Regret Inc.*, No. 2:19-CV-5242, 2020 WL 6882597, at *2 (S.D. Ohio Nov. 24, 2020) ("[T]he Court must first decide whether Plaintiff has shown good cause under Rule 16(b) before turning to Rule 15(a)'s more generous standard.") The Court finds that Plaintiff has done so here.  As Plaintiff sets forth, the unique challenges of the Covid-19 pandemic "have caused unexpected delays in the progression of discovery in this case," including with regard to the scheduling of the depositions, one of which Plaintiff contends

4

triggered the need for the amended complaint. (ECF No. 44 at PAGEID # 340.)[3] While Defendants are correct that Plaintiff was aware of Lt. Buttler's general involvement as of October 2019, the Court does not agree that "Plaintiff's failure to comply with the Court's scheduling order is the result of her own lack of diligence in pursuing her claim." (ECF No. 39 at PAGEID # 131 (internal quotation omitted).) Rather, this argument conflates the standards related to Plaintiff's burden under Rule 16(b), which only "requires diligence – not the anticipation of potential claims." *Loew*, 2020 WL 6882597, at *2. While it appears the parties exchanged some records regarding the canine units during discovery, Defendants do not dispute that it was not until the deposition of Deputy Troy Gibson that Plaintiff learned certain details about the canine units that were not in the documents, including the critical fact (for purposes of the subject motion) that proposed Defendant Lt. Buttler was the direct supervisor of the canine units. (ECF No. 34-1 at PAGEID # 93.)

There is no question that Plaintiff's request is untimely pursuant to the Court's Preliminary Pretrial Order, ECF No. 12. Similarly, however, it is indisputable that Plaintiff acted promptly after Deputy Gibson's deposition and filed the subject Motion well before the close of discovery, minimizing any further delay. The Court thus finds that Plaintiff exercised diligence in attempting to adhere to this Court's case schedule, and has therefore fulfilled Rule 16(b)'s good cause requirement.

Turning to the Rule 15(a) analysis, the Court finds that Plaintiff has not acted with bad faith or dilatory motives, especially given the special circumstances of the Covid-19 pandemic. *See Davis v. Kroger Co.*, No. 1:09-CV-789, 2011 WL 765952, at *1 (S.D. Ohio Feb. 25, 2011)

---

[3] Defendants also affirmatively noted that the pandemic "prevent[ed] the parties from scheduling depositions" in the spring. (*See* ECF No. 39 at PAGEID # 125.)

("Delay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend.") (citing *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982)).  Additionally, because Plaintiff does not seek to add any new causes of action, the Court rejects Defendants' contention that the proposed amendment "represent[s] wholesale changes to the claims."  (ECF No. 39 at PAGEID # 134 (citation omitted).)  The Court agrees with Plaintiff that "[l]ittle additional discovery, tailored to [the proposed] amended complaint, will need to be done," and Plaintiff also correctly observes that the discovery period had not closed at the time of filing, no dispositive motions had not been filed at that time, and there is still no trial date scheduled.  (ECF No. 44 at PAGEID # 328.)  Accordingly, the Court also finds that the inevitable delay resulting from amendment is not undue, and that Defendants will not suffer substantial prejudice.

The Court declines to resolve the first two of Defendant's arguments here regarding whether Plaintiff's claims are time barred and/or futile because "denying a motion for leave to amend on the grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint.  *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011).  In *Durthaler*, this Court recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, rules on just such a motion.  *Id*.; 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course is to permit Plaintiff leave to amend with the understanding that Defendants are free to challenge the claims against them through a dispositive motion.  *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t

is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss.").

Having considered the appropriate factors under Rule 15(a), the Court will permit Plaintiff to amend the Complaint. *Tefft*, 689 F.2d at 639 (6th Cir. 1982) ("The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings.").

## IV.

For the foregoing reasons, Plaintiff['s] Motion for Leave to File Amended Complaint (ECF No. 34) is **GRANTED**. The Clerk is **DIRECTED** to file the First Amended Complaint (ECF No. 34-2), which is attached to Plaintiff's Motion. By separate notice, the Court will set a Status Conference with the parties to discuss the case schedule in light of this Order.

**IT IS SO ORDERED.**

Date: December 22, 2020          /s/ *Elizabeth A. Preston Deavers*
                                 **ELIZABETH A. PRESTON DEAVERS**
                                 **CHIEF UNITED STATES MAGISTRATE JUDGE**