IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEANNA L. PUSKAS,

    **Plaintiff,**

    v.

DELAWARE COUNTY, *et al.*,

    **Defendants.**

Civil Action 2:19-cv-2385
Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Compel Production of Documents and Answer Interrogatories (ECF No. 85) and Defendants Delaware County, Ohio, Zachary Swick, Troy Gibson, and Robert Spring's Memorandum in Opposition to Plaintiff's Motion to Compel (ECF No. 86.)[1]  For the reasons that follow, Plaintiff's Motion to Compel (ECF No. 85) is **DENIED**.

**I.**

On April 22, 2021, Plaintiff filed Plaintiff's Motion to Compel Production of Documents and Answer Interrogatories, ECF No. 85 ("Plaintiff's Motion"), broadly seeking three "branches" of relief: (1) an Order compelling Defendants to produce the Delaware County Sheriff's Office "case file" which was requested on March 3, 2021; (2) an Order compelling Defendants to produce records related to Plaintiff's request for the production of documents; and (3) an Order compelling a "complete response" to Request No. 31 from Plaintiff's request for the

---

[1] Plaintiff has not filed a reply memorandum in support of this Motion.

production of documents, which asked for "copies of any other written documentation including but not limited to e-mail, letter, text messages, required records, documentation of phone calls, chat on instant messenger, from the K-9 unit handlers of the K-9 units of the Delaware County Sheriff's Office to the K-9 units supervisor or the Sheriff or the County Commissioners between January 1, 2011 to February 2, 2021." (ECF No. 85 at PAGEID ## 898-899.)

Plaintiff generally argues that during the deposition of Defendant Buttler on April 22, 2021, she learned new information about Defendant Buttler's role on a review board and about Defendants Gibson, Spring, and Swick's experience with mental health professionals. (*Id.* at PAGEID ## 900-901.) Plaintiff argues that Defendants did not fully comply with her discovery requests, which Plaintiff believes would shed light on these issues. Plaintiff, therefore, requests that the Court compel Defendants "to submit complete responses and turn over all information in their possession related to these requests forthwith." (*Id.* at PAGEID ## 901-902.)

In response, Defendants argue that Plaintiff's Motion is both procedurally and substantively flawed. First, Defendants argue that Plaintiff's Motion should be denied because "Plaintiff failed to comply with Fed. R. Civ. P. 37(a)(l), this Court's local rules, as well as this Court's Preliminary Pretrial Order when Plaintiff failed to engage in any good faith efforts to meet and confer with Defendants prior to filing the Motion and failed to seek a telephone conference with the Court prior to filing her Motion." (ECF No. 86 at PAGEID ## 904, 906-907.) Next, Defendants maintain that the first two "branches" of Plaintiff's Motion should be denied because Plaintiff never requested the listed documents from Defendants and cannot show that the requested documents are relevant or proportional to the needs of the case. (*Id.* at PAGEID ## 908-915.) Defendants also highlight that Plaintiff filed the Motion on the day of the

2

court-ordered discovery deadline, and contend that it should also be dismissed as untimely. (*Id.* at PAGEID ## 915-916.)

## II.

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Consistent with this, Local Rule 37.1 requires the parts to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.*

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). While a plaintiff should "not be denied access to information necessary to establish her claim," a plaintiff may not be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted); *see also*

*Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.").

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citation omitted)). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the

4

information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2 (citations omitted). Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.* (citation omitted).

"[T]he Federal Rules of Civil Procedure instruct district courts to limit discovery where its 'burden or expense . . . outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'" *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting former Fed. R. Civ. P. 26(b)(2)(C)(iii)). This Court has previously held that "[t]hese factors are retained in revised Fed. R. Civ. P. 26(b)(1), reflecting 'their original place in defining the scope of discovery'" because "'[r]estoring proportionality' is the touchstone of revised Rule 26(b)(1)'s scope of discovery provisions." *Siriano*, 2015 WL 8259548, at *5 (citing Fed. R. Civ. P. 26(b)(1)). In analyzing the extent of the burden on the producing party, the Court of Appeals for the Sixth Circuit "has held that limiting the scope of discovery is appropriate when compliance 'would prove *unduly* burdensome,' not merely expensive or time-consuming." *Id.* (citing *Surles*, 474 F.3d at 305) (emphasis in original).

## III.

Applying the foregoing authority, the Court now considers Plaintiff's Motion to Compel Production of Documents and Answer Interrogatories. (ECF No. 85.) As discussed below, because Plaintiff's Motion demonstrates that she did not even attempt to comply with Federal Rule of Civil Procedure 37, Southern District of Ohio Local Rule 37.1, or this Court's

5

Preliminary Pretrial Order, ECF No. 12, Defendants' threshold procedural objections are well taken, and the Court need not address the substantive merits of Defendants' opposition.

Despite purporting to bring her Motion under Federal Rule of Civil Procedure 37, Plaintiff conspicuously avoids any discussion of Rule 37's requirement to include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  Plaintiff also avoids acknowledging Local Rule 37.1, which states:

> Objections, motions, applications, and requests relating to discovery **shall not be filed in this Court** under any provision in Fed. R. Civ. P. 26 or 37 **unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences**. After extrajudicial means for the resolution of differences about discovery have been exhausted, **in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37, any party may first seek an informal telephone conference with the Judge assigned to supervise discovery in the case**.

S.D. Ohio Civ. R. 37.1 (emphasis added).  Finally, as Defendants correctly observe, Plaintiff also filed the subject Motion in direct contravention to the Court's Preliminary Pretrial Order in this case. (ECF No 12 at PAGEID # 37 ("If the parties are unable to reach an agreement on *any matter related to discovery*, they are directed to arrange a conference with the Court.") (emphasis added).)

While the Court is mindful of Plaintiff's position that she did not become aware of the "need" for such a motion until the day of the discovery deadline, the Court is not wholly sympathetic to Plaintiff's predicament.  Mandatory discovery rules do not become discretionary because of the manner in which the parties schedule depositions or propound their discovery request.  It is well within this Court's discretion to deny motions to compel for failure to comply with Federal Rule of Civil Procedure 37(a)(1) and/or Local Rule 37.1.  *Sweeting v. Schweigtzer*, No. 19-3930, 2020 WL 5822513, at *3 (6th Cir. July 31, 2020) ("Because Sweeting made no showing that he had properly served his interrogatories on the defendants or attempted to confer

with them, the district court did not abuse its discretion by failing to order the defendants to respond."); *see also Swapalease, Inc. v. Sublease Exchange.com, Inc.*, No. 1:07-CV-45, 2009 WL 1119591, at *4 (S.D. Ohio Apr. 27, 2009) (discussing that "the mandatory 'meet and confer' provision of Rule 37(a)(1) is a condition precedent to filing a motion to compel."); *Tdata Inc. v. Aircraft Tech. Publishers*, No. 2:03-cv-264, 2008 WL 2169353, at *3 (S.D. Ohio May 21, 2008) ("On its face, Local Rule 37.1 thus contemplates one mandated step: that the parties exhaust among themselves all extrajudicial means for resolving any discovery dispute before filing any Rule 26 or 37 motion."). Plaintiff's silence on this issue is resounding and leaves the Court with no choice. Because Plaintiff did not satisfy the mandatory threshold requirements for filing a motion to compel, the subject Motion must be denied. *Id.*

### IV.

For the foregoing reasons, Plaintiff's Motion to Compel Production of Documents and Answer Interrogatories, ECF No. 85, is **DENIED**.

**IT IS SO ORDERED.**


Date: August 10, 2021 　　　　　　　　　*/s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**